# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BOILERMAKER-BLACKSMITH )<br>NATIONAL PENSION TRUST, et al., )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>IRONHEAD MARINE, INC. & )<br>IRONHEAD FABRICATING, INC., )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. )  | No. 5:21-cv-06008-DGK |

## ORDER DENYING MOTION FOR CHANGE OF VENUE

This case arises out of Plaintiffs' allegations that their pension fund is owed delinquent contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C §§ 1001–1461. Now before the Court is Defendant Ironhead Marine, Inc. and Ironhead Fabricating, Inc.'s motion to transfer venue. ECF No. 14. Defendants request transfer from the Western District of Missouri to the Northern District of Ohio. For the reasons set forth below, Defendants' motion for transfer of venue is DENIED.

**Background**

Plaintiffs bring this ERISA suit under 29 U.S.C. §§ 1132 and 1145, seeking to collect funds that Defendants allegedly failed to contribute to their employee pension fund under collective-bargaining agreements ("CBA") between the parties. The pension fund is administered in the Western District of Missouri.

Defendants, Ohio corporations who claim to conduct no business in this District, have counter-sued, claiming they have overpaid contributions to the fund. Moreover Defendant Ironhead Fabricating ("Fabricating") claims it had no CBA with Plaintiff from 2015 to 2017, and

thus was not required to contribute during that time period. Plaintiffs have filed a "Retroactive Agreement" signed by all parties to the suit that appears to contradict this assertion. *See* ECF No. 19-3. This agreement indicates the CBA between Plaintiffs and both Defendants was in effect from August 1, 2013, to January 31, 2020.

**Standard**

On a motion to transfer venue, a court considers "the convenience of parties and witnesses" and the "interest of justice" when deciding whether to "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A change of venue is within the discretion of the district court and should not be freely granted. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Change-in-venue determinations require a "case-by-case evaluation of the particular circumstances at hand . . . ." *Id.* (citations omitted). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citing *Terra Int'l*, 119 F.3d at 695).

In making its determination, a court weighs a variety of factors, including the convenience of the parties, the convenience of the witnesses, the availability of the judicial process to compel the attendance of unwilling witnesses, governing law, ease of access to sources of proof, the possibility of delay or prejudice if the transfer is granted, and practical considerations determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Only where the balance of relevant convenience and interest-of-justice factors weigh strongly in favor of transfer should a court grant the motion to transfer. *Id.*

**Discussion**

The threshold question in deciding a motion to transfer venue is whether the proposed forum is one where the plaintiff could have filed the case. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).[1]

**I.     Venue is proper in the Western District of Missouri.**

In an ERISA claim, venue is proper "in the district where the plan is administered, where the breach took place, or where any defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). In their complaint, Plaintiffs clearly identify the provisions under which they are bringing their claims, namely 29 U.S.C. §§ 1132 and 1145. Plaintiffs also show the plan is administered in the Western District of Missouri, and thus, venue is proper pursuant to § 1132(e)(2).

Section 1404, which governs venue transfers, only applies where the original venue is proper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Defendant Ironhead Marine makes no argument that venue in the Western District of Missouri is improper. Defendant Ironhead Fabricating, however, alleges that it is not covered by ERISA as it had no CBA in place from 2017 to 2019. This argument is unavailing for purposes of determining proper venue. Plaintiffs filed a "Retroactive Agreement" that covers the period of time from August 2013 until January 2020. ECF No. 19-3. This agreement was signed by all parties involved, and thus, the Court finds Plaintiffs have made a sufficient showing that Ironhead Fabricating was covered by ERISA at all times relevant to this suit. Therefore, the ERISA venue statute, § 1132(e), forms the basis for venue, and its requirements have been met.

---

[1] The Court notes that this Order strictly relates to the question of whether venue is proper. As such, it does not evaluate the claims and counterclaims made by either party and will not allow the parties to use these motions as a way to collaterally attack the sufficiency of the facts as pleaded.

Thus, venue is proper in the Western District of Missouri for both Defendants.

**II.     The convenience factors do not favor transfer.**

The Eighth Circuit outlines the following convenience factors for consideration when deciding a motion to transfer venue:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696.  The Court considers each factor in turn, noting the high burden on Defendants to justify transferring this case.  *See Houk*, 613 F. Supp. at 927.

First, the Court considers the convenience to the parties.  A court should not transfer venue if the burden merely shifts the inconvenience from one party to another.  *See Gray v. HireRight, LLC*, No. 5:18-cv-06177-NKL, 2019 WL 1510000, at *2 (W.D. Mo. Apri. 5, 2019) (citations omitted).  Here, Plaintiffs reside in the Western District with counsel located in the Western District.  Defendants reside in Ohio with counsel in Michigan.  Thus, any transfer of venue merely shifts the burden, without eliminating it.  This factor undeniably weighs against transfer.

Second, the Court considers the convenience to the witnesses.  This factor is "the most important factor in the transfer analysis."  *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006) (citations omitted).  "This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case."  *Houk*, 613 F. Supp. at 928 (citations omitted).  As a result, Defendant bears the burden of clearly specifying "key witnesses to be called" and "indicat[ing] what their testimony will entail."  *Id.* (citations omitted).

Defendants claim they are small businesses with no contacts in the Western District of Missouri, and thus there is a substantial burden placed on their witnesses. But Defendants also assert it is "premature to assess which witnesses may not be available based upon distance and expense." Reply Mem. 3, ECF No. 23. This contention falls far short of the needed detail on a motion to transfer. The Court does not dispute that there may be some burden on Defendant's witnesses, but as with the first factor, transferring venue merely serves to shift the burden rather than eliminate it. This factor weighs against transfer.

Third, the Court considers the accessibility of documents and records, recognizing that "many records, or copies thereof, are easily transported, [so] their location is not entitled to great weight." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 264 (W.D. Mo. 1980). Defendants claim the documents reside in Ohio, but Plaintiffs argue relevant documents are in both Ohio and Missouri. Moreover, claim Plaintiffs, the ease of accessing documents electronically lessens the importance of this factor. Defendants fail to explain why the documents located in Ohio cannot be easily accessed from anywhere, including this district. This factor weighs against transfer.

Fourth, the Court considers the location of the events alleged in the complaint, a fact disputed by the parties. Defendants claim the determination of contributions occurred in Ohio, while Plaintiffs claim the lack of contribution occurred in Missouri. As the relevant facts seem to be generally contained in documentation, with limited physical evidence dependent on location, the Court finds this factor of limited importance.

Finally, the fifth factor is similarly of limited relevance, as the case is brought primarily pursuant to ERISA, a federal statute.[2] Thus, the factor likewise weighs against transfer.

---

[2] While the Court recognizes the presence of a state-law counterclaim, the primary contentions fall under ERISA. Moreover, a "federal district court is faced almost daily with the task of applying some state's law other than that of the forum state, and it is equally capable of resolving the dispute under [that other state's] law." *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001).

Taken as a whole, the Court hold the convenience factors weigh against transfer.

## III. The interest of justice does not favor transfer.

Next the Court turns to an analysis of the interest of justice in deciding transfer. The Court again starts with the strong presumption that Plaintiffs' choice of forum will not be disturbed. *See Houk*, 613 F. Supp. at 927. In determining whether transfer serves "the interest of justice," the Court looks to:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696. Here, the Court notes factors six and seven are less relevant as the issues are brought primarily under a federal statute. While Defendants claim only the second factor justifies maintaining the current venue, the Court finds the first five factors all show the interest of justice weighs against transfer.

Judicial economy favors maintaining the current venue as this Court has already invested resources into both this motion and the pending motion to dismiss. *See* ECF No. 12. The Plaintiffs filed the case here, a court of proper jurisdiction and venue. The comparative costs in transferring venue would merely serve to shift the burden to Plaintiffs, rather than save both parties litigation expenses. Moreover, the Court finds no reason that much of the work in this case cannot be done electronically, given that most of the evidence in this case appears to be documentation. Finally, Defendants identify no issues with enforcing a judgment issued in the Western District of Missouri nor any obstacles to receiving a fair trial.

The burden facing Defendants to succeed on their motion for transfer is high as transfers are not to be freely granted, and they have failed to show that either the convenience factors or the

interest of justice supports transferring this case to the Northern District of Ohio. Therefore, the Court holds Defendant has not met its burden justifying transfer.

## Conclusion

Because venue is proper in the Western District of Missouri and Defendants have failed to make the showing necessary to disturb Plaintiffs' choice of forum. The motion to transfer venue, ECF No. 15, is DENIED.

**IT IS SO ORDERED.**

DATE:  July 1, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT