# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BOILERMAKER-BLACKSMITH<br>NATIONAL PENSION TRUST<br>& JOHN FULTZ, | ) ) ) ) | |
| Plaintiffs/Counter Defendants, | ) ) | |
| v. | ) ) | Case No. 5:21-CV-06008-DGK |
| IRONHEAD MARINE, INC. &<br>IRONHEAD FABRICATING, INC., | ) ) ) | |
| Defendants/Counter Plaintiffs. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of Plaintiffs' allegations that Defendants failed to adequately pay into a pension trust fund ("the Trust") according to a collective bargaining agreement, violating the Employee Retirement Income Security Act ("ERISA"). ECF No. 1. Defendants in response filed three counterclaims against Plaintiffs, alleging they overpaid into the pension. ECF No. 8.

Now before the Court is Plaintiffs' motion to dismiss Counterclaim II, a breach of contract claim pursuant to state law. ECF No. 12. Because this counterclaim is preempted by ERISA, the motion is GRANTED.

### Background

The Court recites only those facts relevant to the pending motion and construes all reasonable inferences in the light most favorable to the non-moving party.

Plaintiffs are an employee-benefits plan and the plan trustee (collectively, "the Trust"). The Trust is organized under ERISA, 29 U.S.C. § 1002(37). At least until 2013, Plaintiffs and Defendants had in place a collective-bargaining agreement ("the CBA") which incorporated the Trust. There is no dispute that ERISA covered the Trust and its administration while the agreement

was active, but there is a dispute as to whether the CBA with Defendant Ironhead Fabricating expired in 2013 or was retroactively renewed.

Plaintiffs also have a contract with Local Lodge 85 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ("Local Lodge 85"). Under this contract, Plaintiffs were responsible for the reporting and auditing of the Trust's funds. Defendants are the intended beneficiary of this contract but are not a party to the agreement.

Plaintiffs conducted an audit of Defendants' contributions to the Trust for the years 2015 through 2017 pursuant to its contract with Local Lodge 85. That audit allegedly found Defendants liable to the Trust for over $16,000.00 in delinquent contributions. Defendants dispute the delinquency and filed three counterclaims, the second of which is a state-law breach of contract claim. Defendants further claim Plaintiffs breached their contract with Local Lodge 85, and claim state law is needed to remedy this breach.

Plaintiffs now seek to dismiss this state-law breach of contract counterclaim, arguing it is preempted by ERISA.

### Standard

A court may dismiss a claim if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 420 (8th Cir. 2020). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the non-moving parties' favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Under ERISA, dismissal is appropriate where a state-law claim is preempted. *See Moore*

*v. Apple Cent., LLC*, 893 F.3d 573, 578 (8th Cir. 2018) (affirming dismissal of state-law claim due to ERISA preemption). ERISA preemption is broad and "supersede[s] any and all State laws as they . . . relate to any employee benefit plan described in section 1003(a) . . . ." 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–106 (1983) (discussing scope of preemption with attention to the statutory phrase "relate to" and determining Congress intended to provide "comprehensive pre-emption of state law").

The Eighth Circuit directs courts to consider seven factors to determine whether a claim is preempted by ERISA:

> (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans, (4) whether the state law impacts the administration of ERISA plans, (5) whether the state law has an economic impact on ERISA plans, (6) whether preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power.

*Shea v. Esensten*, 208 F.3d 712, 718 (8th Cir. 2000)(quoting *Ark. Blue Cross & Blue Shield*, 947 F.2d 1341, 1344–45 (8th Cir. 1991)).

The preemption language in ERISA covers any law that relates to a core matter, like "reporting, disclosure, [and] fiduciary responsibility," as well as those laws only indirectly affecting plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Shaw*, 463 U.S. at 98. Moreover, state law cannot be used to "duplicate[], supplement[], or supplant[] the ERISA civil enforcement remedy . . . [as] the ERISA remedy is exclusive . . . ." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

## Discussion

The first factor, considering whether state law negates an ERISA provision, clearly weighs in favor of preemption. ERISA requires a fiduciary to comply with a variety of fiduciary duties,

including filing suit to recover unpaid contributions. *See* 29 U.S.C. § 1104 (listing the fiduciary duties owed by ERISA plan fiduciaries); § 1132 (specifying that a fiduciary may bring a civil action to obtain appropriate relief). Here, Defendants claim Plaintiffs continued to comply with ERISA regulations by reporting contributions and collecting annual audits. By so doing, Defendants claim, Plaintiffs were in breach of their contract with Local Lodge 85. Thus, the Court finds that, were it to enforce a state-law contract claim, the Trust and its fiduciary run the risk of negating the ERISA provision allowing civil suit by a fiduciary. This factor favors preemption.

The second, third, and fourth factors look at whether state law affects relations between primary ERISA entities and ERISA's structure and administration. These factors similarly favor preemption. Here, the parties involved are an employer, Defendants, and a plan and the plan fiduciary, Plaintiffs. These are primary ERISA entities. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1346 (including "the employer, the plan, the fiduciaries, and the beneficiaries" as primary ERISA entities). Moreover, the structure of the plan and its administration would be impacted by the state-law suit. Because the breach of contract claim directly relates to Defendants' delinquent payment or overpayment into the Trust, the structure of the plan under ERISA and its administration are impacted.

The fifth factor looks to whether the state law has an economic impact on ERISA plans, and that is clearly the case here. The breach of contract counterclaim relates to the contribution of funds to the Trust, which will result in an economic loss for either the Trust or the Defendants. The sixth factor looks at ERISA as a whole. Of particular importance to the Court here is § 1145, which relates to multiemployer plans like the one at issue here, and stands for the policy of simplifying suits to collect delinquent contributions and avoiding costly litigation. *See Cent. States, Se. & Sw. Areas Pension Fund v. Indep. Fruit & Produce Co.*, 919 F.2d 1343, 1348 (8th

4

Cir. 1990).  If the Court were to allow a state-law suit here, it would stand directly opposed to this codified policy.  These factors both favor preemption.

Finally, the seventh factor considers traditional state powers, and thus weighs against preemption as contract law is a traditional area of state power.

Overall, the Court finds the factors favor preemption.  Defendants' state-law breach of contract counterclaim falls under ERISA and is preempted.  Counterclaim II is, therefore, DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:  August 6, 2021                              /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT