IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BOILERMAKER-BLACKSMITH <br> NATIONAL PENSION TRUST <br> & JOHN FULTZ, <br><br> Plaintiffs/Counter Defendants, <br><br> v. <br><br> IRONHEAD MARINE, INC. & <br> IRONHEAD FABRICATING, INC., <br><br> Defendants/Counter Plaintiffs. | Case No. 5:21-CV-06008-DGK |

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

This lawsuit arises out of Plaintiffs' allegations that Defendants failed to adequately pay into a pension trust fund according to a collective bargaining agreement, violating the Employee Retirement Income Security Act. ECF No. 1. Defendants responded with three counterclaims against Plaintiffs, alleging they overpaid into the pension fund. ECF No. 8.

Now before the Court is Defendants' motion to enforce a settlement agreement. ECF No. 41. Because Defendants have failed to present clear and convincing evidence that the parties reached an agreement, the motion is DENIED.

In accordance with the Court's prior order staying briefing on Plaintiffs' summary judgment motion pending the Court's ruling on this motion, ECF No. 46, Defendants' response is due on or before May 20, 2022, and Plaintiffs' reply is due on or before June 3, 2022. No extensions will be granted absent extraordinary circumstances.

### Discussion

Citing to a written settlement agreement that they sent to Plaintiffs, Defendants argue that a final agreement was reached. Plaintiffs counter that this draft agreement was not completed in

time, did not mirror the offer Plaintiffs made, and is contradicted by Defendants' subsequent conduct.

The parties agree that Missouri law applies to this issue. Under Missouri law, a motion to enforce a settlement agreement is a request for a type of "specific performance" that requires the moving parties to prove their entitlement to relief by "clear, convincing, and satisfactory evidence." *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251–52 (8th Cir. 1996) (internal quotation marks omitted). "Evidence is clear and convincing if it instantly tilts the scales in the affirmative when weighed against the evidence in opposition, such that the fact finder's mind is left with an abiding conviction that the evidence is true." *Reppy v. Winters*, 351 S.W.3d 717, 721 (Mo. Ct. App. 2011) (internal quotation marks omitted).

Specific performance of a settlement agreement is not appropriate "if it is doubtful whether there has ever been a meeting of minds or a full and complete understanding on all the essential terms of the contract sought to be enforced." *Emerick v. Mut. Benefit Life Ins. Co.*¸756 S.W.2d 513, 518 (Mo. 1988). A "meeting of minds" requires a "definite offer and an unequivocal acceptance." *Guidry v. Charter Commc'ns, Inc.*, 269 S.W.3d 520, 528 (Mo. Ct. App. 2008). As for the offer requirement, the offeror has the right to impose time limits in which the offeree must accept. *See Boehm v. Reed*, 14 S.W.3d 149, 151 (Mo. Ct. App. 2000). And the acceptance must be a "mirror-image" of the offer and must not add material terms. *See Reppy*, 351 S.W.3d at 721, *see also Grant v. Sears*, 379 S.W.3d 905, 918 (Mo. Ct. App. 2012). The Court may also look to the parties' conduct after the putative settlement was reached to determine whether one was truly formed. *See Grant*, 379 S.W.3d at 918.

Defendants fall well short of proving by clear and convincing evidence that a settlement was reached. First, Defendants' alleged acceptance did not meet the timing requirements set forth

in Plaintiffs' alleged offer. Plaintiffs' proposal required that a "final written agreement on the settlement terms" had to be reached within thirty days of October 11, 2021. ECF No. 44-1 at 5. But Defendants did not send the written settlement agreement to Plaintiffs until December 23, 2021. *Id.* at 40–46. This was outside the time limits imposed in the offer, so it cuts against the alleged validity of the agreement. *See Boehm*, 14 S.W.3d at 151; *see also Radiance Cap. Receivables Eighteen, LLC v. Strothmann*, No. 4:16-cv-01196-DGK, 2017 WL 6029639, at *4 (W.D. Mo. Dec. 5, 2017) (denying motion to enforce settlement where the parties required the settlement to be reduced to writing but it never occurred).

Second, Defendants' alleged acceptance via the written settlement agreement was not a mirror acceptance; it added numerous material terms. This draft settlement added a new requirement that waived Plaintiffs' entitlement to liquidated damages and interest if Defendants acted "reasonably" in trying to determine who was eligible for contributions, it changed the date for when the new contribution obligations would begin, and it allowed enforcement actions to be brought in Ohio even though Defendants had previously lost a contentious battle to move this case there. These new material terms cut against a finding of acceptance, and they suggest that Defendants' proposed settlement agreement more closely resembles a counteroffer. *See Open Methods v. Mediu, LLC*, No. 10-0761-CV-W-FJG, 2013 WL 594202, at *4 (W.D. Mo. Feb. 15, 2013) (defining material terms); *Pride v. Lewis*, 179 S.W.3d 375 (Mo. Ct. App. 2005) (changing date for closing on real estate transaction was not an acceptance, but a counteroffer); *see also Reppy*, 351 S.W.3d at 721 (addition of new or variant terms amounts to a counteroffer).

Third, the existence of an enforceable agreement is strongly undercut by Defendants' actions following their supposed acceptance on December 23, 2021. After Defendants sent the written draft, the parties correspondence makes clear that they continued negotiating the terms of

3

Case 5:21-cv-06008-DGK   Document 49   Filed 05/04/22   Page 3 of 4

the settlement. ECF No. 47-8. The parties jointly moved the Court to stay the case on January 26, 2022, arguing that "[w]hile the parties believe that they are near an agreement, they have not reached a final agreement yet." Mot. to Stay, ECF No. 39 at 1. Defendants' conduct and filings with the Court strongly suggest that no agreement was reached on December 23, 2021, as they claim. *See Grant*, 379 S.W.3d at 918.

Defendants have not shown by clear and convincing evidence that the parties reached a valid settlement agreement. At most, the evidence suggests that the parties were engaged in active settlement negotiations involving numerous offers and counteroffers without any acceptance. In fact, on this record, Defendants' motion borders on being frivolous and potentially sanctionable. The Court would consider sanctions if any future filings from Defendants are as legally and factually dubious as this motion.

## Conclusion

For the foregoing reasons, Defendants' motion to enforce the settlement is DENIED. Defendants' response to Plaintiffs' summary judgment motion is due on or before May 20, 2022, and Plaintiffs' reply is due on or before June 3, 2022. No extensions will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

Date: May 4, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT